IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PEGGY STRICKLAND,            )
                            )
          Plaintiff,        )
                            )
v.                          )     CIVIL ACT. NO.  2:14cv858-CSC
                            )               (WO)
LASHUN HUTSON,              )
                            )
          Defendant.        )

ORDER

On July 24, 2015, the plaintiff filed a FED R. CIV. P. 59(e)  motion requesting that the court vacate its July 9, 2015, final judgment which was entered pursuant to the court's memorandum opinion granting the defendant's motion for summary judgment.  The plaintiff requests that the court allow her to amend her response to the defendant's motion for summary judgment by submitting a deposition.

The plaintiff's motion is based primarily on the deposition testimony of Officer Ed Jones who was not deposed until June 29, 2015, well after the summary judgment submission deadline of May 7, 2015.[1]  Strickland now contends that Jones' testimony demonstrates that a material factual dispute exists about whether the defendant "actually took a statement from Strickland  . . . [which] would deny Hutson probable cause . . ."

Rule 59(e) cannot be used to present evidence that could have been raised prior to

_____

[1]The plaintiff's motion explains that Jones' deposition had originally been scheduled for April 23, 2015, but it was not taken because for undisclosed reasons Jones could not attend.

entry of judgment.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  The plaintiff

presents no reason why Jones' deposition could not have been taken earlier.  As noted in

the margin, the deposition had been scheduled before the summary judgment submission

deadline.  Thus, the plaintiff was aware of the need for Jones' testimony, and could have

moved the court to delay consideration of the motion for summary judgment until Jones'

testimony was available.  *See* FED R. CIV. P. 56(d).[2]  In short, Jones' testimony does not

constitute newly discovered evidence within the meaning of FED R. CIV. P. 59.

But more to the substantive point, the issue about whether Hutson took a statement

from Strickland does not establish a dispute of fact which precludes summary judgment.

In its opinion, the court recognized the dispute, s*ee Memorandum Opinion* (doc. # 36) at 9

n.7, and after construing the facts favorably to Strickland found the dispute did not

matter, and it still does not.  Accordingly, it is

ORDERED that the plaintiff's FED R. CIV. P. 59 motion be and is hereby

DENIED.

Done this 31st day of July, 2015.

     /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2]That rule provides that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.